UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHIEF AUTOMOTIVE SYSTEMS, INC.,

Petitioner,

v.

RESEARCH TECHNOLOGIES, INC.,

Respondent.

Case No. C05-1946L

ORDER GRANTING MOTION
TO APPOINT ARBITRATOR

This matter comes before the Court on the motion for appointment of arbitrator filed by respondent Research Technologies, Inc. ("RTI"). (Dkt. #5).

RTI is a small company specializing in laser measurement systems. RTI worked with petitioner Chief Automotive Systems, Inc. ("Chief") to design and manufacture a laser measurement system to measure damage to automobiles after a collision. A dispute arose in 2003 and was resolved by a settlement agreement, which ended the parties' business relationship. The settlement agreement protects Chief's intellectual property rights by imposing conditions on RTI's ability to develop and market new products for the automotive industry. Chief has taken the position that RTI's new product infringes Chief's patents. The settlement agreement provides that the parties must resolve the dispute through arbitration.

Although RTI's motion requested that the Court appoint one of two arbitrators suggested

ORDER GRANTING MOTION
TO APPOINT ARBITRATOR - 1

by RTI, determine the rules that would apply to the arbitration, and determine the timing of the arbitration, the parties have resolved all of the issues except the timing of the arbitration.[1]  RTI requests that the arbitration occur no later than January 31, 2006 because its "survival depends upon this arbitration being conducted as soon as possible.  Right now, RTI is a company without an untainted product, and with dwindling resources."  RTI's Motion at p. 6.  Chief responded that because of the limited availability of its counsel, it cannot prepare for and participate in the arbitration before the end of January 2006 or during certain periods in February 2006.  It proposed that the arbitration occur between February 6 and 17, 2006, or after March 1, 2006.  In response to that proposal, RTI requested that if the arbitration is conducted after January 31, 2006, then certain "special conditions" should apply: Chief should be precluded from recovering damages or injunctive relief based on RTI's offer to sell or sales of its product between January 31, 2006 and the date on which the arbitrator issues his opinion.

RTI has shown a need for an expedited arbitration hearing.  Chief has provided legitimate reasons for its inability to conduct the arbitration in January, and its proposal of quickly approaching dates in February is reasonable.

For the foregoing reasons, the Court GRANTS RTI's motion to appoint an arbitrator. (Dkt. #5).  The arbitration shall take place between February 6 and February 17, 2006.  If the arbitrator is unavailable during that time period, the arbitration shall take place on the earliest date, after March 1, 2006, that he and the parties are available.  The arbitration must occur no later than March 31, 2006 unless the arbitrator is unavailable prior to that date.  The special conditions requested by RTI are not warranted.

Finally, because the only relief requested in this action was an order appointing an arbitrator and the Court has granted that relief, the Court will close this case unless the parties show cause, within ten days of the date of this order, why this case should not be closed.  The

---

[1] The parties have agreed to Ramsey Al-Salam as the arbitrator.  They have also agreed to use the Rules of the American Arbitration Association, except for their fee schedule.

ORDER GRANTING MOTION
TO APPOINT ARBITRATOR - 2

1 Clerk of the Court is directed to place this order to show cause on the Court's calendar for
2 consideration on February 10, 2006.

4       DATED this 20th day of January, 2006.

*[signature: MWS Lasnik]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO APPOINT ARBITRATOR - 3